LAMETTI & SONS, INC., Plaintiff,

v.

CITY OF DAVENPORT, IOWA,
Defendant,

Johnson Bros. Highway and Heavy
Constructors, Inc., Intervenor.

Civ. No. 75–28–D.

United States District Court,
S. D. Iowa,
Davenport Division.

May 6, 1975.

On Motion for Summary Judgment
March 28, 1977.

R. Richard Bittner, Betty, Neuman, McMahon, Hellstrom & Bittner, Davenport, Iowa, B. C. Hart, Briggs & Morgan, St. Paul, Minn., for plaintiff.

Margaret Stevenson, Davenport, Iowa, for defendant.

Larned A. Waterman, Lane & Waterman, Davenport, Iowa, for intervenor.

## ORDER

STUART, District Judge.

This matter came on for hearing May 1, 1975, on plaintiff's motion for a preliminary injunction. Plaintiff, Lametti & Sons, Inc., was represented by R. Richard Bittner and Steven Jacobs. Margaret Stevenson appeared for the defendant City of Davenport, and Larned A. Waterman and Thomas J. Shields appeared on behalf of the Intervenor, Johnson Brothers Heavy Contractors, Inc. After examining the briefs and other materials submitted by the parties, the Court is of the opinion that the plaintiff's motion must be denied.

The facts in this case are not in serious dispute. In Johnson's bid, there was a discrepancy between a unit price and the corresponding extended price for item number 8. The City accepted the unit price and recomputed the extended price for this part of the total bid. The effect of this change was to displace the plaintiff as apparent low bidder for the project by approximately $43,000 on an $8,000,000 contract.

Professors Wright and Miller state that "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion". 11 C. Wright & A. Miller, Federal Practice and Procedure § 2943, pp. 428–29 (1973). Thus, the factors this Court must consider are:

(1) The significance of the threat of irreparable harm to the plaintiff if the injunction is not granted;

(2) The state of the balance between this harm and the injury that granting the injunction would inflict on defendant;

(3) The probability that plaintiff will succeed on the merits; and

(4) The public interest.

*Id.* at 430–31. See also, 7 W. Moore, Federal Practice ¶ 65.04(2) (1974); and *Minnesota Bearing Co. v. White Motor Co.* (8th Cir., 1973). 470 F.2d 1323, 1326. Another factor often considered is whether the party seeking the injunction has an adequate remedy at law. *Cincinnati Electronics Corp. v. Kleppe* (6th Cir., 1975), 509 F.2d 1080.

It is the opinion of the Court that the plaintiff has not demonstrated the likelihood of success on the merits. If Iowa law is deemed controlling, it appears that the plaintiff cannot succeed. *Wigodsky v. Town of Holstein* (1923), 195 Iowa 910, 192 N.W. 916. Wigodsky stands for the general proposition that, absent fraud or collusion, action taken to correct a "patent mistake" in bidding is not actionable. Thus, in the case at bar, it clearly appears that Johnson intended a unit price of $570 per linear foot for item number 8. The written unit price and the numerical unit price coincided. There is no hint of fraud or collusion here; there city merely corrected an obviously erroneous multiplication. The Proposal for bids stated that "the aggregate total of the above lump sum and unit price items, based

on the estimated quantities, shall be the basis for * * * comparison of bids". Bid Proposal, p. 8, ¶ 2. Item 8 was a unit price bid. In order to have a meaningful comparison of bids, it was obviously necessary that the city recompute clearly erroneous arithmetic. The city did not alter a unit price; it only made a mathematical change to conform the extended price with that unit price. To hold that the city could not correct such mistake would be, according to the Regional Counsel of the Environmental Protection Agency "wholly unrealistic and would multiply the opportunities and occasions for bidders to claim or refrain from claiming mistakes in bidding whichever course might seem most advantageous". Defendant's Exhibit "J".

■ Furthermore, even if state law is not controlling, plaintiff has not demonstrated a significant likelihood of success under any "federal" standard. Contractors have "a right to reasonable treatment of their bids". *William F. Wilke, Inc. v. Department of the Army* (4th Cir., 1973), 485 F.2d 180. See also, *Excavation Construction, Inc. v. United States* (1974), 494 F.2d 1289, 204 Ct.Cl. 299; and *Keco Industries, Inc. v. United States* (1974), 492 F.2d 1200, 203 Ct.Cl. 566. The plaintiff has not demonstrated that the city has acted arbitrarily or capriciously, has applied a double standard in the evaluation of the bids, or has not given honest consideration to the plaintiff's bid.

■ The plaintiff has a remedy at law. "The only recognized loss which * * * any * * * unsuccessful bidder sustains is the cost of preparation of bids or proposals." *Cincinnati Electronics Corp. v. Kleppe*, supra, at 1089. The Court in *Kleppe* considered this measure of damages to be an adequate remedy and thus denied injunctive relief. While bid preparation costs may not be an "adequate" remedy in light of loss of profits on this project, the fact that plaintiff would not be completely without a remedy is an important consideration. A mere bidder acquires no legally enforceable contract right; the city could have rejected all of the bids.

■ The notion of irreparable injury involves two aspects in this case. If the Court does not grant plaintiff's motion, the plaintiff will undoubtedly lose expected profits. The remedy at law noted above will not protect all of the plaintiff's expectations, even though those expectations may not be well founded in a legal sense. But, if the Court does grant injunctive relief, Johnson will probably suffer irreparable injury. Johnson is now the low bidder on this project. The City Council of Davenport has authorized the awarding of the contract to Johnson and the Environmental Protection Agency has approved the award. If the Court holds up this project Johnson faces increased costs and delays detrimental to its profit opportunities. In short, the concept of irreparable injury does not aid only the plaintiff. The Court is loathe to inflict what might be irreparable injury upon Johnson, especially in light of plaintiff's tenuous chances of success on the merits.

■ The Court must also consider the public interest in this controversy. On one hand, the public interest does include protecting the integrity of the competitive bidding process. But, on the other hand, a complete view of the public interest also must consider the costs involved in delaying this important sewer project. These costs include both the monetary costs which inevitably flow from the delay of a major construction project and social or environmental costs which may be incurred if this sewer project is not completed with dispatch. The Court is of the opinion that the public interest lies in denying the plaintiff's motion. Absent allegations of fraud or collusion or other gross illegality, the integrity of the competitive bidding system will be adequately protected by a damage action. The Court also believes that allowing the correction of an obvious mathematical error also protects the integrity of the bidding system.

■ A motion for a preliminary injunction is addressed to the sound discretion of the Court. The Court concludes that this motion must be denied. The plaintiff has

not demonstrated a likelihood of success on the merits, and irreparable injury will be imposed upon Johnson if the motion is sustained. The public interest compels the expeditious commencement of this project. For these reasons, the motion must be denied.

IT IS THEREFORE ORDERED that the plaintiff's motion for a preliminary injunction be, and hereby is, denied.

## ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court upon the motion of plaintiff Lametti & Sons, Inc. for summary judgment in the above entitled action. Defendant City of Davenport, Iowa has resisted plaintiff's motion and the matter came on for hearing before the Court February 23, 1977. For the reasons stated below, the Court is of the opinion that the motion should be denied.

This is a declaratory judgment action brought by plaintiff Lametti challenging the defendant City's award of a seventy-five percent federally funded sewage improvement contract. The material facts in this case appear undisputed. The bid of Johnson Bros. Highway and Heavy Constructors, Inc. contained a discrepancy between the unit price and the corresponding extended price for item number 8. The City accepted the unit price and recomputed the extended price for this part of the total bid. The effect of this change was to displace the plaintiff as apparent low bidder for the project by approximately $43,000 on an $8,000,000 contract. Lametti contends that the City's corrective action on the Johnson bid was unlawful and now moves for summary judgment (1) declaring it to be the lowest bidder; (2) declaring the contract between the City and Johnson to be null and void; (3) cancelling the purported award to Johnson; (4) awarding it damages in the amount of its bid preparation costs, attorney's fees, and disbursements; and (5) granting other appropriate relief.

The Court agrees with and adopts the Comptroller General's decision upholding Lametti's bid protest to the extent it found the procurement involved in this case to be governed by State and local law rather than Federal Procurement Regulations. Lametti & Sons, Inc., 75–2 CPD ¶ 265 (B–183444, October 31, 1975) at 4–6. Thus the only question to be resolved here is whether under Iowa law the city could lawfully correct the Johnson bid and award the contract to Johnson as low bidder. The Court believes it could.

The leading Iowa case on the subject, *Wigodsky v. Town of Holstein*, 195 Iowa 910, 192 N.W. 916 (1923), stands for the general proposition that absent fraud or collusion, correction of a "patent mistake" in bidding is not actionable. In the instant case, it appears to the Court that Johnson patently intended a unit price of $570 per linear foot for item number 8. The written unit price and the numerical unit price were both $570. $570 × 2577 linear feet equals $1,468,890, not $2,241,990. The city merely corrected an obvious error in multiplication. The bid proposal on page 8, ¶ 2 stated that "the aggregate total of the above lump sum and unit price items, based on the estimated quantities, shall be the basis * * * for comparison of bids. Said total in the case of unit price bids, shall not be understood to be a single lump sum proposal or contract price". The instructions to bidders further stated that the award will be made upon the basis which in the judgment of the city would be most advantageous to it. Instructions to Bidders, p. 5, ¶ 12. Item 8, as well as all other bid items except one, was a unit price bid. To have a meaningful and uniform comparison of bids, it was necessary for the city of recompute clearly erroneous arithmetic. The city did not alter a unit price, nor has plaintiff alleged fraud or collusion. It only made an arithmetic change to conform the extended price to the stated unit price. Such corrective action to properly determine who in fact was the lowest bidder, the Court holds, was consistent with *Wigodksy*, supra, and not contrary to Iowa law. The Court recognizes that the Comptroller General reached an opposite conclusion, but the Court does not feel bound by the Comptroller's interpreta-

tion of Iowa law. Plaintiff's motion for summary judgment will be denied.

Although the defendant has not formally moved for summary judgment, the Court believes in view of the foregoing that defendant would be entitled to judgment as a matter of law. The parties are in apparent agreement that the material facts are not in dispute and that the sole issue is one of law. The Court having found in defendant's favor on the legal question, will also grant summary judgment in its favor. See *Baird v. Lynch*, 390 F.Supp. 740, 746 (W.D. Wisc., 1974).

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment shall be denied.

IT IS FURTHER ORDERED that defendant shall be granted summary judgment pursuant to Rule 56 F.R.Civ.P.

IT IS FURTHER ORDERED that each party shall bear its own costs.